Elizabeth H. Potter (OSB #105482), *pro hac vice* pending
Laurence ("Laird") J. Lucas (ISB #124854)
ADVOCATES FOR THE WEST
P.O. Box 1612
Boise, ID 83701
(208) 342-7024
epotter@advocateswest.org
llucas@advocateswest.org

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **WESTERN WATERSHEDS PROJECT**, | Case No. 1:20-cv-172 |
| Plaintiff, | |
| v. | **COMPLAINT** |
| **U.S. FOREST SERVICE**, | |
| Defendant. | |

## INTRODUCTION

1.  Plaintiff Western Watersheds Project (WWP) brings this action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, to seek records improperly withheld by Defendant U.S. Forest Service and to stop the agency from implementing its FOIA policies in a manner that leads to violations of FOIA.

2.  To fulfill its mission of protecting watersheds and wildlife across the American West, WWP routinely requests records from the Forest Service to shed light on the agency's management of our national forests. This case involves two separate FOIA requests that WWP

sent to the Fremont-Winema National Forest in Oregon and one to the San Juan National Forest in Colorado.  The agency's responses to these requests shared a common flaw: both National Forests responded by referring documents to regional offices, where the records have lingered for months or more than a year without action.  These delays occurred because the Forest Service has a policy—enshrined in an internal manual—that requires National Forests to refer any documents that might be exempt from disclosure under FOIA to regional offices for additional review and a final determination.  This referral process creates backlogs and delays that have led the agency to violate FOIA on multiple occasions and harmed WWP's interests in timely disclosure of the records sought.

3. In all three instances, the Forest Service failed to comply with FOIA's twenty-day deadline to provide a determination as to the scope of the records it intends to produce along with its reasons for withholding any records.  5 U.S.C. § 552(a)(6)(A).  Despite the months that have passed and the efforts of WWP to communicate with the Forest Service, the agency continues to withhold responsive documents and has yet to make a final determination for each of these requests.  Accordingly, WWP requests a ruling that the Forest Service is unlawfully withholding records in violation of FOIA, and an order that the agency must produce all non-exempt records within thirty days.

4. Through this case, WWP also seeks to hold the Forest Service accountable for applying its intra-agency referral policy in a manner that has prevented and will continue to prevent WWP from obtaining public records *promptly*, as FOIA requires.  Thus, WWP also requests an order that the agency may not use its intra-agency referral process to evade FOIA's mandates.

COMPLAINT 2

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action under the Freedom of Information Act, 5 U.S.C. § 552(a)(4)(B), and under 28 U.S.C. § 1331, because this action arises under the laws of the United States, including FOIA and the Declaratory Judgment Act, 28 U.S.C. § 2201.

6. Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331 because Plaintiff WWP's principal place of business is in this district.

7. Under 5 U.S.C. § 552(a)(6)(C)(i), WWP has exhausted its administrative remedies because the Forest Service failed to comply with FOIA's deadlines. WWP is thus entitled to seek judicial review and injunctive relief under 5 U.S.C. § 552(a)(4)(B).

## PARTIES

8. Plaintiff WWP is an Idaho non-profit membership organization dedicated to protecting and restoring watersheds and wildlife in the American West through education, public policy initiatives, and legal advocacy. WWP has over 12,000 members and supporters, including many members who live in Idaho. WWP is headquartered in Hailey, Idaho, and has staff in Boise, Idaho, as well as in other western states.

9. WWP's mission is to protect and restore western watersheds and wildlife through education, public policy initiatives, and legal advocacy. WWP is active in seeking to protect and improve the public lands, wildlife, and other natural resources and ecological values of western watersheds, particularly by addressing impacts caused by domestic livestock grazing. WWP has long-standing concerns about the Forest Service's management of livestock grazing.

10. To further its mission, WWP often requests information regarding federal programs and activities through FOIA. WWP then compiles and analyzes the information it obtains through the requests and disseminates it to the public by: (1) presenting the material to its

members and supporters, as well as members of other state and national conservation organizations, through its newsletter and email alerts; (2) presenting the materials at national and regional conferences; (3) participating in other public forums, such as local government hearings; (4) issuing press releases and presenting the information to national, regional, and local media; (5) posting the information (in a compiled and more readily understandable form) on WWP's internet web site, which has over 2,000 views each month; and (6) periodically posting information in a compiled and more readily understandable form to a heavily trafficked weblog, The Wildlife News (http://www.thewildlifenews.com), which receives on average over 10,000 visits each week. The records sought in the FOIA requests at issue here will help WWP inform and educate its members and the public about the Forest Service's grazing management and its potential environmental effects on resources within two National Forests.

11. WWP and its staff and members are directly injured by the Forest Service's failure to comply with the statutory requirements of FOIA, and a favorable outcome of this litigation will redress that injury. By delaying or withholding documents, the Forest Service prevents WWP from obtaining, in a timely manner, information relevant to imminent management actions, public comment opportunities, or other time-sensitive matters. In turn, these delays and withholdings harm WWP by impeding the organization's efforts to fulfill its mission and denying the organization and its members timely access to information. WWP brings this suit on behalf of itself, its staff, and its members.

12. Defendant U.S. FOREST SERVICE is an agency of the U.S. Department of Agriculture within the Executive Branch of the U.S. Government. Pursuant to 5 U.S.C. § 552(f), the agency is subject to FOIA's requirements because it is in the possession and control of the records sought by WWP.

## FACTUAL AND LEGAL BACKGROUND

The Freedom of Information Act

13. FOIA aims to "to pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny." *Dep't of Air Force v. Rose*, 425 U.S. 352, 361 (1976) (quotation omitted).  To serve these aims, FOIA requires federal agencies to make its records available to the public upon request.  5 U.S.C. § 552(a)(3)(A).

14. Within twenty business days of receiving a request for records, an agency must determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents.  5 U.S.C. § 552(a)(6)(A).   The agency must make records "promptly available" that are not exempt from disclosure under one of FOIA's nine narrow exceptions.  *Id*. § 552(a)(3)(A), (a)(6)(C)(i), (b).  This "typically would mean within days or a few weeks of a 'determination,' not months or years." *Citizens for Responsibility and Ethics in Wash. v. Fed. Election Comm'n*, 711 F.3d 180, 188 (D.C. Cir. 2013).

15. FOIA provides limited exceptions to this strict deadline.  The agency may take an additional ten business days if it is waiting for clarification from the requester, or if the agency identifies "unusual circumstances" that require additional time.  5 U.S.C. § 552(a)(6)(B).  FOIA limits "unusual circumstances" to situations where the agency needs: to search for and collect records from places other than the office processing the request; to process a "voluminous" amount of records in a single request; or to consult with another agency or "among two or more components of the agency having substantial subject-matter interest therein."  *Id*.

16. Upon request, an agency must inform the requester of "an estimated date on which the agency will complete action on the request." 5 U.S.C. § 552(a)(7)(B).

17. FOIA confers jurisdiction on federal district courts "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

The Forest Service's FOIA Process

18. The Forest Service is a part of the U.S. Department of Agriculture, which has a decentralized FOIA program that allows each agency and staff office to independently receive, handle, and process FOIA requests. The Department encourages requestors to direct requests to the specific office that maintains the records sought. 7 C.F.R. § 1.3(a)(1).

19. Forest Service Manual 6270—entitled Availability of Records—describes the agency's authority and responsibilities under FOIA. The manual directs Forest Supervisors of National Forests to sign "responses to initial requests or portions of initial requests" and to "[p]romptly refer, to the Regional FOIA/PA Coordinator for Regional Forester decision, findings of 'no records' and records which the forest FOIA/PA Coordinator recommends be withheld in part or in entirety." After a referral, the regional office is responsible for reviewing documents, providing the requestor with a final determination, and producing any non-exempt documents.

20. On information and belief, this intra-agency referral process creates backlogs at the regional offices and causes long delays in the agency's responses to a FOIA request.

21. On information and belief, this intra-agency referral process causes the agency to provide final determinations and to release non-exempt documents months or more than a year after the statutory deadlines on a reoccurring basis.

FOIA Request No. 2019-FS-R2-01472-F

22. On December 14, 2018, an employee of WWP emailed a FOIA request to the FOIA Coordinator for the San Juan National Forest in Colorado seeking documents related to several domestic livestock grazing allotments there ("San Juan FOIA request").

23. On December 20, 2018, a Forest Service representative responded via email acknowledging receipt of the request and assigning tracking number 2019-FS-R2-01472-F.

24. On January 23, 2019, at least twenty business days had passed since the agency acknowledged receipt of the request, but the agency had yet to provide any response to WWP.

25. On February 5, 2019, a Forest Service representative informed WWP that it had set an internal response due date of March 1, 2019, after which the Regional Office would "then need time to review the documents for any material that may need redacting." At that point, the agency estimated it would provide "at least a partial response" on or before April 4, 2019.

26. The agency did not issue any response—partial or otherwise—to WWP on or before April 4, 2019.

27. On April 24, 2019, an employee of WWP requested an update from the agency, and on May 1, 2019, the Forest Service representative responded by saying that it had heard from the regional office "and it was decided that I gather and produce a partial release to you as soon as possible" and that the regional office "will produce the final release soon after."

28. An employee of WWP requested updates on July 25, 2019, August 29, 2019, and March 2, 2020, but received little information. In response to the most recent request, a Forest Service representative responded by stating that the region was still in the process of reviewing documents and hoped to have the request done "within 90 days."

29. More than 327 business days have passed since WWP first submitted this request, but the Forest Service has not provided a determination about its intention to comply or reasons for withholding documents nor produced *any* documents. The agency has not invoked any unusual circumstances or exemptions to justify its withholdings.

Antelope Allotment FOIA Request #1

30. On October 9, 2019, an attorney for WWP emailed a FOIA request to the Fremont-Winema National Forest in Oregon seeking documents related to permitting of livestock grazing on the Antelope Allotment there (Antelope FOIA Request #1).

31. On October 22, 2019, that Forest's FOIA Coordinator informed WWP's attorney that it was processing the request under tracking number 2020-FS-R6-00317-F.

32. On November 6, 2019, twenty business days had passed since the Forest Service received WWP's FOIA request.

33. On November 7, 2019, the FOIA Coordinator produced 41 documents but withheld 33 other documents for "review by the regional Forester prior to release." The accompanying letter claimed that Forest Service Manual 6270 directed the agency "to refer all records which may contain information that is required to be withheld under one of the nine FOIA exemptions to the Regional Forester" for a final determination and release. This letter did not advise WWP of any appeal rights nor identify any exemptions that justified the agency's withholding of the referred documents.

34. On November 12, 2019, the FOIA Coordinator for the Pacific Northwest Region of the Forest Service ("PNW Coordinator") acknowledged receipt of the referred documents, advised that the regional office "has a backlog of pending FOIA requests and referrals", and provided a new tracking number: 2020-FS-R6-00774-F.

35. On November 19, 2019, the PNW Coordinator advised that the request was number 55 on a backlog of pending FOIA requests and referrals. On December 16, 2019, in response to an inquiry, the PNW Coordinator stated the request was number 38 on that list. On February 24, 2019, WWP's attorney requested an update, but has yet to receive a response.

36. More than 122 business days have passed since WWP submitted this request, yet the agency has not provided a final determination nor all responsive documents. The agency has not invoked any unusual circumstances or exemptions to justify its delay and withholdings.

Antelope Allotment FOIA Request # 2

37. On November 19, 2019, an attorney for WWP emailed a FOIA request to the Fremont-Winema National Forest seeking documents about the agency's monitoring of livestock grazing on the Antelope Allotment there ("Antelope Allotment FOIA Request #2").

38. On November 26, 2019, that Forest's FOIA Coordinator confirmed receipt of this request, which was assigned tracking number 2020-FS-R6-01041-F, and estimated the responsive records would be produced by December 18, 2019.

39. On December 19, 2019, the FOIA Coordinator responded to the request with a letter from the Forest Supervisor stating 308 documents were being produced, but 3 documents were being referred to the regional office for review. The letter again claimed that Forest Service Manual 6270 directed the Forest to refer all records that may contain exempt information to the regional office. This letter did not advise WWP of any appeal rights nor identify any exemptions that justified the agency's withholding of the referred documents.

40. On January 6, 2020, the PNW Regional Coordinator emailed WWP's attorney to acknowledge receipt of the referred documents, to assign a new tracking number—FOIA 2020-FS-01609-F—and to advise of a backlog of pending FOIA requests and referrals. On February

24, 2020, the attorney for WWP emailed the PNW Regional Coordinator requesting an update on this FOIA request, who has yet to respond.

41. More than 94 business days have passed since WWP submitted this request, yet the agency has not provided a final determination nor all responsive documents. The agency has not invoked any unusual circumstances or exemptions to justify its delay and withholdings.

<u>Harm from the Forest Service's Intra-Agency Referral Process</u>

42. WWP has submitted other FOIA requests to the Forest Service that have resulted in referrals of documents to a regional office, which led to long delays in receiving determinations and non-exempt documents under FOIA.

43. On information and belief, other entities have submitted FOIA requests to the Forest Service that have resulted in referrals to a regional office, which led to long delays in receiving determinations and non-exempt documents under FOIA.

44. The delays stemming from the intra-agency referral process have harmed WWP by denying the organization timely access to information that sheds light on the agency's management of public lands, wildlife, and natural resources. WWP routinely uses such information in time-sensitive matters such as monitoring conditions in National Forests during short grazing seasons, participating in public comment periods or advocacy opportunities that have deadlines, and informing its members and the public about other pressing matters. The Forest Service's failure to provide public records in a timely manner has denied WWP the opportunity to use the information in such time-sensitive work, and thereby impeded WWP's ability to fulfill its mission and harmed the organization and its members.

45. WWP has submitted and will continue to submit, on a regular basis, FOIA requests to the Forest Service.

46. Given the Forest Service's past pattern and practice and current policy of referring any documents with potentially exempt information to the regional office for review, the agency is likely to do so in the future when WWP submits FOIA requests. When this happens, it is likely the agency will take months or more than a year to act on such referrals.

47. Accordingly, WWP and its members will continue to be harmed in the future when the agency refers documents to regional offices for review and final determinations, which will continue to delay the release of non-exempt documents well past the statutory deadline absent action by the Court.

## CLAIMS FOR RELIEF

### CLAIM I
### Violation of FOIA: San Juan FOIA Request

48. WWP realleges and incorporates by reference all preceding paragraphs.

49. WWP has a statutory right to a timely determination on its FOIA request and prompt production of the non-exempt records sought. 5 U.S.C. § 552(a)(3), (a)(6).

50. In response to WWP's San Juan FOIA Request, the Forest Service failed to provide a determination within FOIA's twenty-day deadline. More than 327 days after receiving the request, the agency has still not produced all responsive records nor made a final determination. The agency has not invoked any exemptions under FOIA that allow it to withhold any records nor any "unusual circumstances" that allow it to evade FOIA's deadline and disclosure requirements.

51. By failing to produce all responsive records promptly, the Forest Service has constructively denied part of WWP's request and is unlawfully withholding records.

52. Accordingly, the Forest Service is violating FOIA in the following separate ways: 1) failing to provide a determination by the statutory twenty-day deadline; and 2) unlawfully withholding responsive documents.  5 U.S.C. § 552(a)(3), (a)(6).

53. The Forest Service's violations of FOIA have deprived WWP of its right to receive public records promptly and injured WWP's interests, which will continue absent the relief requested herein.

54. WWP is therefore entitled to declaratory and injunctive relief stating that the Forest Service violated FOIA and requiring the agency to promptly produce responsive records, as well as to reasonable costs of litigation and attorneys' fees.

## CLAIM II
## Violation of FOIA: Antelope Allotment FOIA Request #1

55. WWP realleges and incorporates by reference all preceding paragraphs.

56. WWP has a statutory right to a timely determination on its FOIA Request, an estimated date of completion, and prompt production of the non-exempt records sought.  5 U.S.C. § 552(a)(3), (a)(6)(C)(i), (a)(7)(B)(ii).

57. In response to WWP's Antelope Allotment FOIA request #1, the Forest Service failed to provide a complete and adequate determination within FOIA's twenty-day deadline and failed to provide an estimated date of completion upon request.  More than 122 days after receiving the request, the agency has still not produced all responsive records nor made a final determination.  The agency has not invoked any exemptions under FOIA that allow it to withhold any records nor any "unusual circumstances" that allow it to delay or bypass FOIA's deadline and disclosure requirements.

58. By failing to produce all responsive records promptly, the Forest Service has constructively denied part of WWP's request and is unlawfully withholding records.

59. Accordingly, the Forest Service has violated FOIA in the following separate ways: 1) failing to provide a determination by the statutory twenty-day deadline; 2) failing to provide an estimated date of completion; and 3) unlawfully withholding responsive documents. 5 U.S.C. § 552(a)(3), (a)(6).

60. The Forest Service's violations of FOIA have deprived WWP of its right to receive public records and injured WWP's interests, which will continue absent the relief requested herein.

61. WWP is therefore entitled to declaratory and injunctive relief stating that the Forest Service violated FOIA and requiring the agency to promptly produce responsive records, as well as to reasonable costs of litigation and attorneys' fees.

## CLAIM III
## Violation of FOIA: Antelope Allotment FOIA Request #2

62. WWP realleges and incorporates by reference all preceding paragraphs.

63. WWP has a statutory right to a timely determination on its FOIA request, an estimated date of completion, and prompt production of the non-exempt records sought. 5 U.S.C. § 552(a)(3), (a)(6)(C)(i), (a)(7)(B)(ii).

64. In response to WWP's Antelope Allotment FOIA request #2, the Forest Service failed to provide a complete and adequate determination within FOIA's twenty-day deadline and failed to provide an estimated date of completion upon request. More than 94 days after receiving the request, the agency has not produced all responsive records nor made a final determination. The agency has not invoked any exemptions under FOIA that allow it to withhold any records nor any "unusual circumstances" that allow it to delay or bypass FOIA's deadline and disclosure requirements.

65. By failing to produce all responsive records promptly, the Forest Service has constructively denied part of WWP's request and is unlawfully withholding records.

66. Accordingly, the Forest Service has violated FOIA in the following separate ways: 1) failing to provide a determination by the statutory twenty-day deadline; 2) failing to provide an estimated date of completion; and 3) unlawfully withholding responsive documents. 5 U.S.C. § 552(a)(3), (a)(6).

67. The Forest Service's violations of FOIA have deprived WWP of its right to receive public records and injured WWP's interests, which will continue absent the relief requested herein.

68. WWP is therefore entitled to declaratory and injunctive relief stating that the Forest Service violated FOIA and requiring the agency to promptly produce responsive records, as well as to reasonable costs of litigation and attorneys' fees.

## CLAIM IV
### Impermissible Policy, Pattern, and Practice of Missing Deadlines and Unlawfully Withholding Records in Violation of FOIA

69. WWP re-alleges and incorporates by reference all preceding paragraphs.

70. The Forest Service has adopted and is engaged in a pattern, practice, and policy of violating FOIA by referring potentially-exempt documents to regional offices for review, which creates large backlogs that prevent the agency from complying with FOIA.

71. In response to the three FOIA requests described above, the Forest Service violated FOIA's mandates to provide a determination within twenty business days of receiving a request, to produce responsive documents promptly, and to provide an estimated date of completion upon request. These violations resulted from the Forest Service's directive that

Forest Supervisors must refer all documents that may be exempt under the statute to regional offices for further review and a final determination.

72. On information and belief, the Forest Service has failed to ensure that its regional offices are equipped to review and act upon all referred documents in a manner that complies with the deadlines and requirements of FOIA.

73. The Forest Service's repeated and unlawful actions in violation of FOIA have harmed and will continue to harm WWP by preventing the organization from accessing records that it is entitled to receive in a timely manner, which impedes the organization's efforts to shine light on the agency's management of livestock grazing on public lands and thereby fulfill its mission of protecting watersheds and wildlife in the American West.

74. The Forest Service's policy and practice of using its intra-agency referral process has resulted in and will continue to result in violations of FOIA's deadlines and requirements absent intervention by this Court.

75. WWP therefore is entitled to injunctive and declaratory relief to compel the Forest Service to comply with FOIA's deadlines and requirements and to prevent the Forest Service from continuing to rely on its policy to evade FOIA's mandates.

**PRAYER FOR RELIEF**

WHEREFORE, WWP respectfully prays that this Court:

A. Declare, hold, and adjudge that the Forest Service has violated FOIA for each of the three FOIA requests identified above;

B. Order the Forest Service to comply with FOIA by producing all non-exempt public records in response to each of the three FOIA requests discussed above within thirty days;

C. Declare that the Forest Service is engaged in an impermissible policy, pattern, and practice of violating FOIA when applying its intra-agency referral process in response to WWP's FOIA requests;

D. Enjoin the Forest Service from continuing that unlawful policy, pattern, and practice when responding to WWP's FOIA requests;

E. Award WWP its reasonable attorneys' fees and litigation costs pursuant to 5 U.S.C. § 552(a)(4)(E) and/or all other applicable authorities;

F. Grant such other and further relief as WWP may hereinafter request or as the Court deems just and proper.

Dated: April 8, 2020

Respectfully submitted,

*/s/ Laurence ("Laird") J. Lucas*
Elizabeth H. Potter (OSB #105482), *pro hac vice pending*
Laurence ("Laird") J. Lucas (ISB #124854)
ADVOCATES FOR THE WEST
P.O. Box 1612
Boise, ID 83701
(208) 342-7024
epotter@advocateswest.org
llucas@advocateswest.org
Attorneys for Plaintiff